**1344**

Kevin P. GATES, Plaintiff
and Appellant,

v.

Camille Henrie GATES, Defendant
and Respondent.

No. 890235–CA.

Court of Appeals of Utah.

Feb. 22, 1990.

John S. Adams, Salt Lake City, for plaintiff and appellant.

Craig M. Peterson and E. Paul Wood, Salt Lake City, for defendant and respondent.

Before GARFF, BILLINGS and DAVIDSON, JJ. (On Rule 31 Panel).

PER CURIAM:

This is an appeal from an order modifying a divorce decree to increase child support from $300 per month to $750 per month. We affirm.

The Decree of Divorce entered on June 30, 1983, awarded custody of the parties' minor child to respondent and required appellant to pay $175 per month as child support. In July of 1985, the trial court heard respondent's petition for an increase in child support. The trial court found that the appellant's gross income at the time of the divorce was $2,213.12 per month and his income at the time of the hearing was $2,131.58 per month. Based upon those findings, the court concluded that there had not been a material change of circumstances and denied the petition.

On April 11, 1986, the parties filed a Stipulation for Modification of the decree. The stipulation provided that appellant would pay respondent $250.00 per month as child support until September, 1987, after which appellant would pay $300 per month. The stipulation included the statement that the parties "acknowledge that his Stipulation is based upon circumstances of each party as they presently exist." The court adopted the stipulation and entered a Modification Order on April 11, 1986.

On August 19, 1988, respondent filed a Petition for Modification of Decree of Di-

vorce requesting an increase in child support based on a substantial change of circumstances since the stipulation and order modifying the decree in April 1986. The trial court held a hearing on the petition on February 14, 1989. Respondent testified that the parties began discussions about an increase in child support in or about September, 1985, approximately two months after the hearing on her initial petition seeking modification of child support. The parties reached a verbal agreement during September or October, 1985, and appellant began paying increased support. Respondent testified that at the time she executed the written stipulation in April 1986, she was not aware of appellant's income and believed it was the same amount as he had represented at the July, 1985 hearing. Appellant claimed that he had told respondent of the increase in his income, which began in the last quarter of 1985. He testified that he told respondent he was making $8,000 to $10,000 per month prior to her execution of the stipulation.

At the conclusion of the hearing, respondent's counsel made a motion pursuant to Utah R.Civ.P. 15(b) to modify the pleadings to conform to the evidence, asking the trial court to amend the existing orders based upon misrepresentations to the court and misrepresentations and material omissions of fact by appellant that had caused respondent to enter into the April 1986 stipulation.

The trial court granted the petition and ordered an increase in child support to $750.00 per month, pursuant to the Uniform Child Support Guidelines in effect at the time of the trial. The findings of fact directly relevant to this appeal are as follows:

1. [Appellant's] obligation to pay support for the minor child of the parties in this case was modified by the court's Order, dated April 11, 1986. The Order was based upon a Stipulation of the parties and increased the amount of child support to be paid ... from $175.00 to $250.00 per month.

2. There has been no material change in circumstance regarding [appellant's] income since the entry of that Order.

3. The most reasonable and creditable assessment of the testimony of the parties is that the [appellant] did fail to disclose his true income to the [respondent] at the time the parties entered into the Stipulation, and [respondent] was not aware of [appellant's] income when she agreed to accept $250.00 per month as child support for the minor child of the parties.

4. [Appellant's] income at the time the parties entered into the agreement and his present income is in the amount of $6,000.00 per month.

5. [Respondent's] present income is in the amount of $1,525.00 per month.

. . . .

7. Based upon those figures as gross income for each of the parties in applying the Uniform Child Support Guidelines to the child support obligation worksheet for sole custody, Utah Code of Judicial Administration, Appendix H, the court determined that [appellant's] obligation for support of the minor child should be $750.00 per month.

Appellant contends that on appeal that (1) the trial court erred in increasing child support where there was no material change in circumstances since the last child support order and (2) there was no misrepresentation which would serve as grounds for modification of the court's prior order. In support of the second contention, appellant argues that the parties were represented by counsel in entering the stipulation and it was respondent's duty to ascertain the true facts concerning appellant's income.

 Utah Code Ann. § 30–3–5(3) (1989) gives the trial court continuing jurisdiction to modify the orders and decree in divorce matters:

The court has continuing jurisdiction to make subsequent changes or new orders for the support and maintenance of the

parties, the custody of the children and their support, maintenance, health, and dental care, or the distribution of the property as is reasonable and necessary.

Where the parties' stipulation is accepted by the trial court and incorporated into its order, the subject matter of the stipulation is within the continuing jurisdiction of the court. *Myers v. Myers*, 768 P.2d 979, 982 (Utah App.1989). In *Myers*, this court noted that while contract theories such as bargain and waiver are properly applied to a stipulation as to property distribution, such theories are inapplicable to issues which involve the continuing, equitable powers of the court, such as child custody and support. *Id.* Having found that respondent did not have accurate information about appellant's income at the time she executed the stipulation, the trial court did not err in modifying its prior order based on that stipulation. A party may not obtain a stipulation based on a misrepresentation or material omission of facts and later claim that a child support order cannot be modified because there has been no material change in circumstances based on those same undisclosed or misrepresented facts.

██ Appellant also contends that principles of contract law should preclude respondent from prevailing based upon her "unilateral mistake" about appellant's income because she bore the risk of making such a mistake. Appellant's argument is wholly inappropriate under the circumstances of this case. The testimony at the hearing reflects the following facts surrounding the execution of the stipulation. First, appellant personally contacted respondent with a proposal for a voluntary increase in child support within two or three months of the hearing on her first petition and after announcement of the court's ruling denying that petition. The parties entered into a verbal agreement before contacting their attorneys to formalize the stipulation, and appellant began payments under the agreement roughly six months before the stipulation was filed with the court. No petition to modify was filed and no discovery was conducted. Respondent was justified in assuming that she would not succeed on a petition to modify child support and had an incentive to accept a voluntary agreement. Finally, the inclusion of a statement in the stipulation to the effect that the stipulation is based on "circumstances ... as they presently exist" is troubling when juxtaposed against appellant's contention on appeal that respondent had the duty to inquire about and ascertain appellant's income. Appellant, who was self-employed, was clearly aware of a significant increase in his income beginning in the last quarter of 1985. The inclusion of a representation that the stipulation was based upon existing circumstances was sufficient to give rise to a duty on appellant's part to disclose information in his possession and not readily available to respondent.

The judgment of the trial court is affirmed. Respondent's request for attorneys' fees pursuant to R. Utah Ct.App. 33 is denied based on this court's conclusion that the appeal was not frivolous or interposed for delay. Respondent's contention that the trial court's order granting the tax exemption should be reversed is not properly before the court because no cross appeal was filed. On the same basis, respondent's request that the increase be retroactive to 1986 will not be considered.

All concur.